IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | |
| | § | CIVIL ACTION NO. C-08-72 |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER INC. AND G.D. SEARLE & CO., | § | (*In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.*) |
| Defendants. | § | |

## DEFENDANTS PFIZER INC. AND G.D. SEARLE LLC'S NOTICE OF REMOVAL

TO:    The United States District Court for the Southern District of Texas, Corpus Christi Division.

NOW COME Pfizer Inc. ("Pfizer") and G.D. Searle LLC[1] ("Searle") (collectively referred to herein as "Defendants"), Defendants in the above-styled cause, and file this Notice of Removal of said cause to the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support thereof, Defendants respectfully would show the Court as follows:

## I.

## Introduction

This is a pharmaceutical product liability case involving Celebrex®, an FDA-approved prescription medication marketed at times by Defendants. On February 6, 2008, Plaintiff Stephanie W. Carney ("Plaintiff") filed this action against Pfizer and Searle in the 117th Judicial District Court of Nueces County, Texas, Cause No. 08-550-B, alleging that her husband, William

---

[1] Plaintiff's state-court petition names "G.D. Searle & Company" as a defendant. In January 2001, G.D. Searle & Co. was converted from a corporation to a limited liability company (G.D. Searle LLC) for tax and reporting reasons. This conversion constitutes a continuation of G.D. Searle & Co. in the form of a Delaware limited liability company, and G.D. Searle LLC is deemed to be the same entity as G.D. Searle & Co. for all purposes.

Carney ("Decedent"), suffered a fatal heart attack after taking Celebrex®. *See* PLAINTIFF'S ORIGINAL PETITION ("PETITION") at ¶¶ 5-6 (attached as Exhibit 2(B)). Plaintiff maintains Defendants are liable for her injuries under theories of negligence, strict liability (design and marketing defect), breach of express and implied warranties, misrepresentation, and fraud. *See id.* at ¶¶ 29-53. She seeks unlimited compensatory damages from Defendants, as well as punitive damages to punish Defendants for their purported "malicious conduct." *Id.* at ¶¶ 54-56.

This action is one in which this Court has original subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Copies of all process, pleadings, and orders filed in the state court are attached hereto.

The Judicial Panel on Multidistrict Litigation ("JPML") has consolidated pretrial proceedings in personal injury actions relating to Bextra® and/or Celebrex® pursuant to 28 U.S.C. § 1407, and assigned the litigation to the Honorable Charles R. Breyer of the United States District Court for the Northern District of California (the "MDL Court"). *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). Because Plaintiff alleges personal injuries from Celebrex®, this case will be subject to transfer to that court as a "tag-along action." *See id.* at 1377, n.1; RULES 1.1 & 7.4(A) OF RULES FOR MULTIDISTRICT LITIGATION UNDER 28 U.S.C. § 1407, 1999 F.R.D. 425 (J.P.M.L. 2001). Consequently, once this case is docketed, Defendants will file a Motion to Stay all proceedings in this Court pending MDL transfer.

## II.

### Diversity of Citizenship

There is complete diversity of citizenship in this action.  *See* 28 U.S.C. § 1332.

Plaintiff Stephanie W. Carney is, and was at the time this suit was filed, a resident of Nueces County and a citizen of the State of Texas.  *See* PETITION at ¶ 1.  Further, upon information and belief, Decedent William Carney was, at the time of his death, a resident and citizen of the State of Texas.  Thus, Plaintiff is considered a Texas citizen in her individual (and any representative) capacity for purposes of determining federal diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(2).

Defendant Pfizer was at the time this suit was filed, and is presently, a corporation organized under Delaware law with its principal place of business in New York.  *See* PETITION at ¶ 2.  It therefore is considered a citizen of both Delaware and New York for jurisdictional purposes.  *See* 28 U.S.C. § 1332(c)(1).

Defendant Searle was at the time this suit was filed, and is presently, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC.  Pharmacia & Upjohn Company LLC was at the time this suit was filed, and is presently, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC.  Pharmacia & Upjohn LLC was at the time this suit was filed, and is presently, a limited liability company whose sole member is (and was) Pharmacia Corporation.  Pharmacia Corporation was at the time this suit was filed, and is presently, a corporation organized under Delaware law with its principal place of business in New Jersey.  Thus, for jurisdictional purposes, Searle is considered a citizen of Delaware and New Jersey.  *See, e.g., Royal Ins. Co. of Am. V. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (holding "an unincorporated association is considered to have the citizenship of its members"); *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989) (noting the

"well-settled principle that an unincorporated association is deemed a citizen of every state in which its members reside"); *Standard Aero, Inc. v. Kelly Aviation Ctr., LP*, No. SA-05-CA-1139-RF, 2006 WL 504055, *3 (W.D. Tex. Jan. 23, 2006) (unpublished) (holding citizenship of limited liability company is determined by looking to the citizenship of its members); *Blanchard v. Wal-Mart Stores, Texas, LP*, 368 F. Supp. 2d 621, 624 (E.D. Tex. 2005) (same); *see also* 28 U.S.C. §1332(c)(1); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding limited liability company's citizenship is that of its members for diversity jurisdiction purposes).

## III.

### Amount in Controversy

The amount-in-controversy requirement of 28 U.S.C. § 1332(a) plainly is satisfied. Plaintiff alleges that, as a result of ingesting Celebrex®, Decedent died from a myocardial infarction. *See* PETITION at ¶¶ 5-6. She seeks unlimited compensatory damages including, *inter alia*, damages for physical pain and mental anguish, loss of earning capacity, disfigurement, physical impairment, and continual medical care. *See, e.g., id.* at ¶ 54. She also claims to be entitled to exemplary damages for Defendants' alleged "malicious conduct." *Id.* at ¶¶ 55-56.

It is facially apparent from the petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (stating that where it is "facially apparent" from the state-court petition that the amount in controversy exceeds the jurisdictional minimum, then the removing defendant need only point such fact out to successfully bear its burden); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding that district court did not err in finding that personal injury claims exceeded $75,000 where the claimant alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."); *Morrow v.*

4

*Wyeth*, No. B-05-209, 2005 WL 2621555, *3 (S.D. Tex. Oct. 13, 2005) (unpublished) (concluding that amount-in-controversy was satisfied in pharmaceutical product liability case where plaintiff alleged "severe injuries," including "serious injuries to his central nervous system"); *Matney v. Wenger Corp.*, 957 F. Supp. 942, 943 (S.D. Tex. 1997) (holding that a products liability complaint asserting claims for personal injury, past and future medical expenses, mental anguish, and exemplary damages met the amount-in-controversy threshold).

## IV.

### Removal is Timely

Pfizer was first served with citation in this matter on February 19, 2008, less than 30 days before this Notice of Removal is being filed.  Consequently, Defendants' removal is timely.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## V.

### Proper Court For Removal

The United States District Court for the Southern District of Texas, Corpus Christi Division, embraces Nueces County, the county in which the state court action is now pending. *See* 28 U.S.C. § 124(b)(6).  Thus, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

## VI.

### Conclusion

Upon filing of this Notice of the removal of this cause, written notice of the filing is being given by Defendants to Plaintiff and counsel, and is being filed with the Clerk of the state court in which this cause was originally filed, as required by 28 U.S.C. § 1446(d).  A copy of those notices with proof of service of them is attached hereto as Exhibits 2(E) and 2(F).

WHEREFORE, Defendants hereby remove the above-styled action pending against them in the 117th Judicial District Court of Nueces County, Texas, to this Honorable Court.

Respectfully submitted,

*/s/ Kenneth J. Ferguson*_____
Kenneth J. Ferguson
Attorney-in-charge
State Bar No. 06918100
Southern District I.D. No. 12703
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]
E-mail: kjf@ctw.com

*signed with permission by Leslie A. Benitez

**OF COUNSEL:**
Leslie A. Benitez
State Bar No. 02134300
Southern District I.D. No. 10017
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
Southern District I.D. No. 25675
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
Southern District I.D. No. 26762
E-mail: ah1@ctw.com
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**ATTORNEYS FOR DEFENDANTS
PFIZER INC. AND G.D. SEARLE LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 11th day of March, 2008.

***Via Certified Mail, Return Receipt Requested***

Russell Manning
HORNBLOWER, MANNING, WARD,
HARRISON, VENECIA & RODRIGUEZ
711 N. Carancahua, Suite 1800
Corpus Christi, Texas 78475
***Attorney for Plaintiff***


_____ */s/ Leslie A. Benitez* _____

🖎 JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

See Attached.

**DEFENDANTS**

See Attached.

**(b)** County of Residence of First Listed Plaintiff    Nueces County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**Ⓒ** Attorney's (Firm Name, Address, and Telephone Number)

See Attached

Attorneys (If Known)

See Attached.

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

X  4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | X 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

X 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 (Diversity of citizenship between citizens of different states where amount in controversy exceeds $75,000)
Brief description of cause:
Product liability/Personal Injury action involving prescription drug Celebrex®

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions:)    JUDGE                                DOCKET NUMBER

DATE

March 11, 2008

SIGNATURE OF ATTORNEY OF RECORD

/s/ Kenneth J. Ferguson (signed with permission by Leslie A. Benitez)

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

© Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

## LIST OF PARTIES AND ATTORNEYS

**I. (a) <u>Plaintiff</u>**

Stephanie W. Carney

**<u>Defendants</u>**

Pfizer Inc. (incorrectly named as "Pfizer, Inc.")
G.D. Searle LLC (incorrectly named as "G.D. Searle & Co.")

**I. (c)  <u>LIST OF ATTORNEYS</u>**

**ATTORNEY FOR PLAINTIFF**
Russell Manning
State Bar. No. 12948720
HORNBLOWER, MANNING, WARD, HARRISON, VENECIA & RODRIGUEZ
711 N. Carancahua, Suite 1800
Corpus Christi, Texas 78475
(361) 888-8041
(361) 888-8222 (Fax)

**ATTORNEYS FOR DEFENDANTS PFIZER INC. AND G.D. SEARLE LLC**
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Southern ID. No. 12703
Leslie A. Benitez
State Bar No. 02134300
Southern ID. No. 10017
Kelly R. Kimbrough
State Bar No. 00794984
Southern ID No. 25675
J. Andrew Hutton
State Bar No. 24012878
Southern ID No. 26762
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | |
| | § | CIVIL ACTION NO. C-08-72 |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER INC. AND G.D. SEARLE & CO., | § | (*In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.*) |
| Defendants. | § | |

**EXHIBITS TO DEFENDANTS PFIZER INC. AND G.D. SEARLE LLC'S**
**NOTICE OF REMOVAL**

EXHIBIT 1    List of All Parties & Status of Case

EXHIBIT 2    Copy of state court docket sheet and state court file

EXHIBIT 3    List of Attorneys

EXHIBIT 4    Record of Parties Requesting Trial by Jury

EXHIBIT 5    State Court Information

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | |
| | § | CIVIL ACTION NO. C-08-_____ |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER INC. AND G.D. SEARLE & CO., | § | *(In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | § | |

## LIST OF ALL PARTIES & STATUS OF CASE

### Status of Case

The above referenced matter currently is pending in the 117th Judicial District Court of Nueces County, Texas, styled *Stephanie W. Carney v. Pfizer, Inc. and G.D. Searle & Co.,* Cause No. 08-550-B.

### Plaintiff

Stephanie W. Carney

### Defendants

Pfizer Inc. (incorrectly named as "Pfizer, Inc.")
G.D. Searle LLC (incorrectly named as "G.D. Searle & Co.")

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | |
| | § | CIVIL ACTION NO. C-08-_____ |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER INC. AND G.D. SEARLE & CO., | § | *(In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | § | |

## INDEX OF STATE COURT PLEADINGS

A.    State Court Docket Sheet

B.    Plaintiff's Original Petition

C.    Citation

D.    Defendants Pfizer Inc. and G.D. Searle LLC's Motion to Transfer Venue and, Subject Thereto, Original Answer

E.    Notice to Plaintiff of Filing Notice of Removal

F.    Notice to State Court of Filing Notice of Removal

EXHIBIT 2(A)

```
================= * * * DISTRICT CIVIL CASE PROCESSING * * * =================
Cause #    [08-00550-00-0-B]`        AG# [          ]        Date filed [02/06/2008]
Style      [CARNEY, STEPHANIE W.                          ]        #Plt [001]
     vs [PFIZER, INC., ET AL                              ]        #Dft [002]
Case type [02]    Cause of Action [PERSON INJ/DAM OTHER THAN MOTOR VEHICLE ]
Comment    [                                     ] Case Status [PEND] Jury [N]
======================= * * * DOCUMENTS FILED * * * =========================

      DATE FILED
 1 [02/06/2008]  [ORIGINAL PETITION FILED                                    ]
 2 [02/06/2008]  [CIVIL CASE INFO SHEET/CP                                   ]
 3 [02/06/2008]  [COVER LETTER WITH SVC INSTRUCTIONS/CP                      ]
 4 [02/06/2008]  [INFORMATION SERVICE SHEET REQ SVC/CP                       ]
 5 [02/14/2008]  [CITATION (CM): PFIZER,INC.                                 ]
 6 [02/14/2008]  [    SERVED: 02/19/2008      FILED: 02/21/2008              ]
 7 [02/14/2008]  [    CM#7007 2560 0001 6149 2068-PFIZER, INC.               ]
 8 [02/14/2008]  [CITATION (CM): G.D. SEARLE & CO.                           ]
 9 [02/14/2008]  [    SERVED:                                                ]
10 [02/14/2008]  [    CM#7007 2560 0001 6149 2075-G.D. SEARLE & CO.          ]

SELECTION        DATE
         OR
```

# CIVIL DOCKET

CASE NO. _____

NUMBER OF CASE

NAMES OF PARTIES

ATTORNEYS

Kind of Action
and Party Demanding Jury

DATE OF FILING

| | Mo. | Day | Year |
|---|---|---|---|

FEE BOOK

| Vol. | Page |
|---|---|

DATE OF ORDERS

| Month | Day | Year |
|---|---|---|

Was
Stenographer
Used?

vs.

08 -00550-00-0-B    02/06/08
PLNT  CARNEY, STEPHANIE W.
ATTY  MANTING, RUSSELL
DEFT  PFIZER, INC., ET AL.

2

Jury Fee,

Paid by

Jury No.

Dft.

ORDERS OF COURT

MINUTE BOOK

| Vol. | Page |
|---|---|

PROCESS

# EXHIBIT 2(B)

CAUSE NO. *08 - 550 - B*

| | |
|---|---|
| STEPHANIE W. CARNEY, <br> PLAINTIFF | § <br> § <br> § | IN THE DISTRICT COURT |
| vs. | § <br> § | *117* JUDICIAL DISTRICT |
| PFIZER, INC., and G.D. SEARLE & CO., <br> DEFENDANTS | § <br> § <br> § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Stephanie W. Carney, Plaintiff, and for cause of action against the

Defendants, Pfizer, Inc. and G.D. Searle & Co., would show the following:

### I. PARTIES

1.    Plaintiff STEPHANIE CARNEY is a resident and citizen of Nueces County,

Texas.

2.    Defendant PFIZER, INC. is an American pharmaceutical company incorporated

under the laws of the State of Delaware; and whose principal place of business is New York.

This Defendant may be served with process in Texas at the following address: CT Corporation

System, 350 N. St. Paul Street, Dallas, Texas 75201. At all relevant times, PFIZER has been

engaged in the business of marketing and selling CELEBREX.

3.    Defendant G.D. SEARLE & CO. is an American pharmaceutical company

incorporated under the laws of the State of Delaware; and whose principal place of business is

Illinois. This Defendant may be served with process in Texas at the following address: CT

Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. At all relevant times, SEARLE

has been engaged in the business of marketing and selling CELEBREX.

1

## II. VENUE

4.      Nueces County is a proper venue for this case because Plaintiff is a resident of Nueces County and all or substantial parts of the events giving rise to Plaintiff's claims occurred in Nueces County, Texas.

## III. FACTS

5.      Plaintiff's husband, William Carney (hereinafter referred to as "Bill"), then age 55, was prescribed CELEBREX (200mg) for acute pain on or about December 15, 2004. Bill took CELEBREX in compliance with his doctor's prescription until shortly before he died.

6.      Bill died on June 14, 2007 as the result of acute myocardial infarction in the posteroseptal wall, left ventricle, precipitated by a blood clot in the mid-right coronary artery.

7.      CELEBREX (also known as "celecoxib") is in a class of pain medications called nonsteroidal anti-inflammatory drugs ("NSAID"). Aspirin and ibuprofen are examples of well known NSAIDs. These drugs reduce pain by blocking the body's production of pain transmission enzymes called cyclooxygenase or "COX." There are two forms of COX enzymes, which are COX-1 and COX-2.

8.      In addition to transmitting pain sensation, COX-1 involves the maintaining and repairing of gastrointestinal tissue; while COX-2 involves the production of prostacyclin a substance responsible for preventing the formation of blood clots.

9.      It is generally accepted in the medical community that (1) blocking the COX-1 enzyme hampers the body's ability to repair gastric tissue and causes harmful gastrointestinal side-effects, including stomach ulceration and bleeding; and (2) blocking the COX-2 enzyme encourages the formation of blood clots and causes various clot related cardiovascular events, including, heart attack, stroke, unstable angina, cardiac clotting and hypertension.

10.     Traditional NSAIDs, like aspirin, reduce pain sensations by inhibiting both COX-1 and COX-2 enzymes simultaneously. As a result, traditional NSAIDs cause ulcers in the stomach and intestinal areas. Because of a complex chemical balance in the human body, however, traditional NSAIDs do not cause blood clots linked to cardiovascular events.

11.     For decades, in the absence of other treatment options, consumers seeking pain relief were forced to accept and live with the gastrointestinal risks of traditional NSAIDs. Defendants set out to remedy this problem by developing "selective" inhibitors that would block only COX-2 production; thus (supposedly) allowing the proper maintenance of gastric tissue while still reducing pain. The emergence of COX-2 inhibitors, such as VIOXX, CELEBREX and BEXTRA, was haled as a pharmacological breakthrough for NSAIDs as a safe treatment option.

12.     SEARLE sought FDA approval on June 29, 1998. In its pre-approval marketing plans, Defendants planned that CELEBREX would be approved and that such approval would include an indication that it was safer than NSAIDs in protecting against GI complications. The treatment of pain with reduced GI complications was the single most important attribute to the planned marketing and promotion of CELEBREX and its place as a new blockbuster drug.

13.     Pre-approval marketing plans were to stress that CELEBREX was superior to NSAIDs and thus a "breakthrough" in science and safety by offering a significant reduction in GI complications.

14.     The FDA granted new drug approval on December 23, 1999. However, Defendants did not obtain the approval to promote CELEBREX as more effective than NSAIDs in preventing clinically serious GI events. The FDA warned Searle that any promotional activities "that make or imply comparative claims about the frequency of clinically serious GI events compared to NSAIDs or specific NSAIDs will be considered false and/or misleading ..."

3

This finding by the FDA was a serious blow to DEFENDANTS' marketing campaign. As a result, the package inserts for CELEBREX included a warning that its use presented GI risks.

15.    Based on studies performed on CELEBREX, VIOXX, BEXTRA and other COX-2 inhibitors, Defendants knew by 1998 that selective COX-2 inhibitors posed serious cardiovascular risks for anyone who took them, and presented a specific additional threat to anyone with existing heart disease or cardiovascular risk factors.

16.    For example, in an effort to demonstrate that CELEBREX had greater gastrointestinal safety than traditional NSAIDs, Defendants funded a clinical trial, the results of which were published in 2000: *the Celecoxib Long-Term Arthritis Safety Study* ("CLASS"). Defendants expected CLASS to show that CELEBREX produced significantly fewer serious GI complications that traditional NSAIDs.

17.    The CLASS trial was a long-term, double blind study of gastrointestinal toxicity in 8,059 patients taking CELEBREX, ibuprofen, or diclofenac to treat arthritis. Patients with heart problems were allowed to participate in the CLASS trial and were permitted to take low doses of aspirin to reduce the risk that they would suffer an adverse cardiovascular event during the study.

18.    When the CLASS study was completed, the results were reported to the U.S. Food and Drug Administration's Arthritis Drugs Advisory Committee (the "Committee") as part of a request to exempt CELEBREX from including a GI safety warning in its package insert. After reviewing the CLASS results, however, the Committee concluded that patients taking CELEBREX had not experienced fewer gastrointestinal complications than those taking traditional NSAIDs. Moreover, the CLASS study demonstrated a trend toward cardiovascular risks for those taking the selective COX-2 inhibitor CELEBREX.

19.    A post hoc analysis and comparison of CLASS study patients taking low-dose aspirin for cardiac protection and patients not taking low-dose aspirin revealed that the rate of combined anginal adverse events was 1.4% in the celecoxib (CELEBREX) group versus1.0% in the ibuprofen and diclofenac groups. This increased cardiovascular toxicity was described by the FDA Medical Officer, Dr. Witter, who stated: "[f]or anginal disorders(especially combined disorders), there seems to be a trend toward more [cardiac adverse] events in those patients receiving celecoxib, regardless of aspirin use."

20.    This trend was magnified in those patients not taking low-dose aspirin. Combined anginal disorders were increased in these patients; the celecoxib group had 0.6% vs 0.2% and 0% in the diclofenac and ibuprofen groups, respectively. There were also more combined atrial serious cardiac adverse events with celecoxib, 0.3% compared to 0.1% and 0% in the diclofenac and ibuprofen groups, respectively. Dr. Witter commented that"[in] the non-aspirin users, there appears to be a slight trend toward more [serious cardiac adverse] events in those patients receiving celecoxib for combined atrial and anginal disorders." Additionally, the rate of myocardial infarction was higher in the celecoxib group, 0.2%, compared with the other two drugs, 0.1%. Dr. Witter also referred to data from the original New Drug Application ("NDA") for celecoxib in his discussion, stating "[t]here were suggestions of a dose-response relationship ( ...100mg BID celecoxib, 0% crude mortality rate vs. 400 mg BID celecoxib, 0.64% crude mortality rate) between cardiovascular mortality and [increased] celecoxib use that could not be adequately addressed by the data." Thus, the CLASS data revealed a consistent and worrisome trend toward cardiovascular toxicity, particularly with regard to increased thrombosis.

21.    Importantly, the reviewers recommended that "[our findings suggest a potential increase in cardiovascular event rates for the presently available COX-2 inhibitors . . .definitive

evidence of such an adverse effect will require a prospective randomized clinical trial ... Given the remarkable exposure and popularity of this new class of medications, we believe that it is mandatory to conduct a trial specifically assessing cardiovascular risk and benefit of these agents. Until then, we urge caution in prescribing these agents to patients at risk for cardiovascular morbidity." Although employing a placebo group from a different trial weakens the validity of their analysis, the author's call for a prospective randomized clinical trial powered to truly analyze the cardiovascular risk to benefit ratio was exactly correct. A subsequent placebo-controlled trial of celecoxib clearly demonstrated this risk.

22.    The subsequent trial was the APC colon polyp recurrence prevention study, in which approximately 2000 patients took celecoxib or placebo. This was the longest celecoxib trial to that date, with mean duration of treatment of 33 months as opposed to the much shorter 12 month duration of the CLASS study. A statistically significant elevation in the risk of major fatal or non-fatal cardiovascular event (a composite endpoint of cardiovascular death, acute myocardial infarction and stroke) was seen in those patients taking celecoxib compared to those in the placebo group. This followed a dose-response relationship: the relative risk of 400 mg/day of celecoxib was 2.5 while the risk of 800mg/day was 3.4. Because of this unacceptable danger, the trial was prematurely halted. The FDA released an explanatory statement which said, "[while we have not seen all available data on CELEBREX, these findings are similar to recent results from a VIOXX (rofecoxib), another drug in the same class as CELEBREX.

23.    Despite years of studies showing the dangers of COX-2 inhibitors, Defendants continue to make billions of dollars annually from the sale of CELEBREX. Not only has study after study proven the cardiovascular dangers associated with using DEFENDANT's product, but many studies conducted on other COX-2 inhibitors, including Vioxx and Bextra, substantiate the

6

increased risk of heart attacks, strokes and thrombotic events when using any drug considered a COX-2 inhibitor.

24.    For example, a paper published in the December 4, 2004 *Lancet* found, after analyzing 18 randomized controlled trials and 11 observational studies, that by the year 2000 these studies showed an increased risk of myocardial infarction from use of COX-2 inhibitors and they should have been withdrawn years earlier. Defendants were well aware of each of these studies and should have disclosed their significance.

25.    An Australian study released in March 2005 analyzed results from all nineteen randomized controlled trial of COX-2 inhibitors published before May 2004 and found that those studies indicated that individuals taking COX-2 inhibitors, including Bextra, had a 60% higher chance of high blood pressure compared with those on a placebo.

26.    In February 2005, Wellpoint, Inc., the nation's largest provider of health care benefits, released a study it conducted in conjunction with researchers at Indiana university's medical school on the risks of cardiovascular events in patients taking COX-2 inhibitors. The study involved the records of more than 635,000 patients and demonstrated that COX-2 inhibitors do increase the risk of adverse cardiovascular events.

27.    From February 16-18, 2005, the FDA's Drug Safety and Risk Management Advisory Committee and the Arthritis Drug Advisory Committee met jointly to further examine the safety of COX-2 inhibitors. There, FDA Office of Drug Safety Officer David Graham stated that COX-2 inhibitors increase the risk for adverse cardiovascular events at about the same rate as cigarette smoking, hypertension and diabetes.

28.    Despite years of studies on COX-2 inhibitors, as well as new studies specifically analyzing and confirming the risks of Celebrex and Bextra, Defendants failed to take any action to protect the health and welfare of patients and instead continued to offer the drug for sale.

### IV. CAUSE OF ACTION 1: NEGLIGENCE

29.    DEFENDANTS negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and sold CELEBREX, which DEFENDANTS knew or should have known was harmful to Bill.

30.    At all times relevant to this suit, DEFENDANTS had a duty to Bill to exercise care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertising, sampling and sale of CELEBREX. DEFENDANTS breached the duty to Bill by committing the following, but not limited to, particulars:(a) failing to include adequate warnings with its product that would alert Bills and other consumers to the potential risks and serious thrombotic and cardiovascular side effects of CELEBREX consumption;(b) failing to include adequate information and/or warnings with its product that would alert the consuming public, including Bills and the health care community, to refrain the use of CELEBREX without first prescribing traditional NSAIDS such as naproxen or ibuprofen;(c) failing to adequately and properly test CELEBREX before and after placing in the market;(d) failing to conduct sufficient testing on CELEBREX, which if properly performed would have shown that CELEBREX had serious side effects, including, but not limited to gastrointestinal and cardiovascular events described above;(e) failing to adequately warn the consuming public, including Bill and the health care community, that use of CELEBREX carried a risk of cardiovascular events and death, along with other serious side effects;(f) failing to provide adequate post-marketing warnings or instructions after DEFENDANTS knew or should have known of the significant risks of personal injury and

8

death as identified herein from the use of CELEBREX; (g) failing to adequately warn Plaintiffs

that CELEBREX should not be used in conjunction with any risk factors for these adverse

effects;(h) failing to adequately disclose and warn Plaintiffs that they undertook the risk of

adverse events and death as described above; (i) promoting and marketing CELEBREX for off-

label use; and (j) failing to adequately and timely inform the health care industry of the risk of

serious personal injury and death from CELEBREX consumption as described herein.

31.    Defendants knew or should have known that CELEBREX caused unreasonably

dangerous risks and serious side effects, including death, of which Bill was not aware. Despite

knowledge of safer methods and products, Defendant continued advertising, marketing, selling

and distributing CELEBREX as a safe pharmaceutical treatment option. As a direct and

proximate result of Defendants's negligence, Bill suffered a myocardial infarction and died.

### V. CAUSE OF ACTION  2: DESIGN DEFECT/ PRODUCT LIABILITY

32.    CELEBREX is defective in its design or formulation in that it is not reasonably

fit, suitable or safe for its intended purpose and/or its foreseeable risks exceed the benefits

associated with its purpose. CELEBREX is defective in design or formulation in that it lacks

efficacy and/or it poses a greater likelihood of injury than other nonsteroidal anti-inflammatory

medicines and similar drugs on the market and is more dangerous than ordinary consumers can

reasonably foresee.

33.    DEFENDANTS' product was unreasonably dangerous and this defect was present

at the time DEFENDANTS released CELEBREX into the stream of commerce. CELEBREX

was expected to and did reach consumers, including Bill, without substantial change in the

condition in which in was designed, manufactured, labeled, sold, distributed, marketed,

promoted, supplied and otherwise released into the stream of commerce.

9

34.     The unreasonable dangers associated with the consumption of CELEBREX was more dangerous than would be reasonably contemplated by an ordinary user. Bill was unaware of the unreasonably dangerous defects and hazards associated with consuming CELEBREX. Moreover, Bill's use of CELEBREX was for a purpose intended and marketed by Defendants. At the time Bill received and consumed CELEBREX, DEFENDANTS represented the product to be safe and free from latent defects.

35.     Defendants are strictly liable to Plaintiff for defectively designing and subsequently providing a product that was unreasonably dangerous for its intended use at the time it left DEFENDANTS' control.

36.     DEFENDANTS knew or should have known of dangers associated with CELEBREX. Despite this knowledge, DEFENDANTS continued to profit from the sale of CELEBREX until April 2005. DEFENDANTS' malicious conduct was in conscious disregard to the health and safety of Bill and the general public.

37.     DEFENDANTS' conduct in defectively designing the product was a direct and proximate cause of Bill's death and Plaintiff's injuries as alleged herein.

## VI. CAUSE OF ACTION 3: MARKETING DEFECT/ FAILURE TO WARN

38.     The pharmaceutical CELEBREX, which was aggressively marketed and promoted by DEFENDANTS, was defectively marketed with inadequate warnings and/or instructions. These marketing defects arose from directly from DEFENDANTS' aggressive marketing campaign to the consuming public and indirectly to physicians through drug sales representatives.

10

39.     DEFENDANTS directly advertised and marketed CELEBREX to the FDA, consumers and/or persons/entitles responsible for consumers and physicians, and therefore had a duty to warn of risks associated with the use of its product.

40.     DEFENDANTS failed to provide warnings regarding gastrointestinal and cardiovascular side effects associated with the use of CElEBREX. DEFENDANTS' failure to provide timely warnings promoted the prescription of CELEBREX by health care providers who otherwise would not have prescribed in treating patients.

41.     Defendant aggressively promoted and marketed CELEBREX for off-label uses, such as heel pain, back pain, pain from orthopedic surgeries, pre-operative and post-operative pain and general pain of any nature. DEFENDANTS carried out this promotion by instructing/training its army of sales representatives to promote and market CELEBREX to physicians and medical care providers for non-indicated and off-label purposes. This marketing campaign was done for the sole purpose of increasing sales and enriching defendant.

42.     DEFENDANTS failed to perform or otherwise facilitate adequate testing that would have revealed that the use of CELEBREX created serious and potentially life-threatening side effects and complications. Moreover, DEFENDANTS failed to provide the health care community and general public with a full and complete disclosure on studies and/or tests conducted on its product before and after entering the market place.

43.     At a minimum, DEFENDANTS failed to provide timely and adequate post-marketing warnings and/or instructions to the general public, health care community and FDA after it knew of dangers associated with CELEBREX which were discovered through test results/data from post-marketing studies.

44.    DEFENDANTS' conduct in marketing and promoting CELEBREX was a direct and proximate cause of Bill's death and Plaintiff's injuries as alleged herein.

## VII. CAUSE OF ACTION 4: BREACH OF EXPRESS AND IMPLIED WARRANTIES

45.    DEFENDANTS had a duty to exercise reasonable care in the research, development, design, testing, manufacturing, inspection, labeling, distribution, marketing, promotion, sale and release of CELEBREX, including a duty to:(a) Ensure that its product did not cause the user unreasonably dangerous side effects and/or complications;(b) Warn providers, suppliers, actual consumers and potential consumers of potentially dangerous and/or life-threatening side effects and/or complications arising from the use of its product; and(c) Disclose adverse material facts regarding the use of its products when making representations to physicians, the FDA, Bill Carney, and the general public.

46.    Both Bill and his physician reasonably relied upon DEFENDANTS to provide a full and complete disclosure of all known defects, risks, dangers, complications and side effects arising from the use of CELEBREX.

47.    Neither Bill, his physician(s) nor the FDA had knowledge of the misrepresentations and incomplete nature of statements made by DEFENDANTS regarding the use of CELEBREX. Bill justifiably and detrimentally relied on warranties and representations of DEFENDANTS when purchasing and consuming CELEBREX.

48.    As the designer, manufacturer, marketer, promoter and distributor of CELEBREX, DEFENDANTS had exclusive access and control to material facts pertaining to dangers associated with using its product. As such, DEFENDANTS knew that physicians, the FDA, Bill, and the general public could not have reasonably obtained information revealing dangers associated with CELEBREX.

12

49.    Through their conduct, DEFENDANTS warranted to Bill and his physician(s) that to the express representations made by DEFENDANTS and its agents. DEFENDANTS' conduct in this manner was a direct and proximate cause of Bill's death and Plaintiff's injuries as alleged herein.

## VIII. CAUSE OF ACTION 5: MISREPRESENTATIONS & FRAUD

50.    DEFENDANTS negligently, recklessly, intentionally and fraudulently made material misrepresentations about the safety and proper use of CELEBREX. DEFENDANTS represented the use of CELEBREX was safe for the purpose of inducing the consuming public, including Bills, to rely upon its representations when purchasing its product.

51.    Prior to and following the introduction of CELEBREX to the general public, DEFENDANTS set in motion a public relations and advertising/marketing campaign marketing CELEBREX through press releases, print and mass mail out advertisements and television advertising. DEFENDANTS' representations that CELEBREX was a safe and effective drug, for both off-label and approved purposes, were made so that Bill and the general consuming public would rely on said representations and seek prescriptions from treating physicians for its product. Bill relied on these representations.

52.    DEFENDANTS made misrepresentations and actively concealed adverse information at a time when DEFENDANTS knew, or should have known, that CELEBREX had defects, dangers and characteristics that were other than what DEFENDANTS had represented to the consuming public, including Bill, and the health care industry. Specifically, DEFENDANTS misrepresented and/or actively concealed the following information:(a) CELEBREX consumption causes statistically significant increases in cardiovascular side effects, including without limitation, thrombosis, myocardial infarction, strokes and sudden onset death, as

13

identified herein, resulting in serious injury and/or death;(b) there had been insufficient and/or

company-spun stories regarding the safety and efficacy of CELEBREX before and after its

release into the market;(c) CELEBREX was not fully and adequately tested for the

cardiovascular side effects at issue herein;(d) CELEBREX was proper and safe for off-label use,

such as general pain relief including, but not limited to, post and pre-operative procedures;(e)

other testing and studies showed increased risk of or actual serious adverse risks; and/or(f)

CELEBREX had never been shown to be safer or more efficacious than other NSAIDs on

measures of overall safety.

53.    At the time DEFENDANTS made these representations, they were aware that the

statements were false and/or made the representations with reckless disregard to their truth and/or

accuracy. DEFENDANTS' conduct in this manner was a direct and proximate cause of Bill's

death and Plaintiff's injuries as alleged herein.

IX. DAMAGES

54.    Plaintiff STEPHANIE CARNEY respectfully requests the following damages to

be considered separately and individually for the purpose of determining the sum of money that

will fairly and reasonably compensate him:(a) The physical pain and suffering Plaintiff has

suffered in the past and will continue to suffer in the future;(b) The mental anguish Plaintiff has

suffered in the past and will continue to suffer in the future;(c) The amount of reasonable medical

expenses necessarily incurred in the treatment of Plaintiff's injuries in the past, and those that will

be reasonably incurred in the future;(d) The loss of any earnings, if any, sustained by Plaintiff in

the past, and the loss or reduction of Plaintiff's earning capacity in the future;(e) The physical

incapacity and impairment suffered by Plaintiff and the resulting inability to do those tasks and

services that Plaintiff ordinarily would have been able to perform for the past and future;(f) The

disfigurement Plaintiff has suffered from the date of the occurrence in question in the past, and those she will continue to suffer in the future;(g) The shortening of Plaintiff's life-span and longevity due to the injuries sustained by her; and(h) Attorneys' fees, prejudgment interest, and court costs.

## X. EXEMPLARY DAMAGES

55.     DEFENDANTS' choice to intentionally and consciously refuse to enter into the stream of commerce a reasonably safe product, when viewed from the standpoint of the actor at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others constitutes malicious conduct.

56.     Furthermore, DEFENDANTS' intentional refusal to provide a reasonably safe product and/or disclosure of information regarding known dangers associated with CELEBREX illustrates an attitude not only of conscious indifference for the safety of others, but shows DEFENDANTS' actual and subjective awareness of dangers associated with its product, while nevertheless proceeding its conduct with a conscious indifference to the rights, safety or welfare of others. As such, DEFENDANTS are liable for exemplary/punitive damages as those terms are understood in law.

## XI. FRAUDULENT CONCEALMENT/ DISCOVERY RULE

57.     DEFENDANTS' conduct constitutes fraudulent concealment of material facts necessary in supporting Plaintiff's cause of action. As such, DEFENDANTS are equitably estopped to assert a defense of limitations in this case.

58.     As pharmaceutical manufacturers, DEFENDANTS had a duty to disclose known risks and dangers associated with CELEBREX. DEFENDANTS had actual knowledge of dangers associated with using its product. Despite this knowledge, DEFENDANTS knowingly

15

withheld this information from Plaintiffs, the general public, the health care community and

governmental regulatory agencies. DEFENDANTS continued to deny CELEBREX caused

cardiovascular events and withheld this material information for the fixed purpose of receiving a

financial windfall from the sale of CELEBREX.

XII. PRAYER

59.    For the above reasons, Plaintiff STEPHANIE CARNEY prays DEFENDANTS be

cited to appear and answer herein, that upon final trial and hearing, Plaintiff have judgment

against DEFENDANTS with interest on the judgment at the legal rate, prejudgment interest,

costs of court and for such other further relief, both in law and to which the Plaintiff may show

herself justly entitled.

Respectfully submitted,

HORNBLOWER, MANNING, WARD,
HARRISON, VENECIA & RODRIGUEZ
Professional Corporation
Attorneys for Stephanie W. Carney
P.O. Box 2728
Corpus Christi, TX  78403-2728
Tel (361) 888-8041    Fax (361) 888-8222

By: _Russell Manning_
      Russell Manning
      State Bar No. 12948720

CAUSE NO. 08-550-B

| | | |
|---|---|---|
| STEPHANIE W. CARNEY<br>PLAINTIFF | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | 117 JUDICIAL DISTRICT |
| PFIZER, INC. AND G.D. SEARLE & CO.<br>DEFENDANTS | §<br>§<br>§ | NUECES COUNTY, TEXAS |

### CIVIL CASE INFORMATION SHEET

      This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

      Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

**Type of Action: Check all claims pled:**  [] Commercial  [] Personal Injury  [X] Death  [] Other

| | | | |
|---|---|---|---|
| [] Account due | [] Defamation | [] Fraud | [X] Product Liability | [] Asbestos |
| [] Admiralty | [] Disbarment | []Garnishment | [] Post Judgment | [] Assault |
| [] Discrimination | [] Injunction/TRO | [] Railroad | [] Ins. bad faith | [] Dram Shop |
| []Auto | [] DTPA | [] Malicious prosecution | [] Real Estate | [] Bill of Review |
| [] Employment discharge | [] Malpractice/Legal | []Sequestration | [] Business dissolution | [] Environmental tort |
| [] Malpractice/Medical | [] Silicone implant | [] Conspiracy | [] Expunction | [] Malpractice/other |
| [] Tax | [] Contract | [] False Imprisonment | [] Name Change | [] Deed restriction |
| [] Foreclosure | [] Note | [] Trespass | [] Declaratory judgment | [] Forfeiture |
| [] Premises liability | [] Workers Compensation | | [] Other (Construction) | |

Has this dispute previously been in the Nueces County Courts? [X] NO      [] YES, in the following Court:_____

Monetary damages sought:   [] less than $50,000  [X] greater than $50,000

Desired discovery level: [] Level 1 (TRCP 190.2)  [X] Level 2 (TRCP 190.3)    [] Level 3 (TRCP 190.4)*
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the Court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt o. The Court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. id.

Estimate time needed for discovery:  [] 0-3 months  [X] 4-6 months  [] 7-12 months  [] Other

Estimate time needed for trial:  [] 1-2 days  [X] 3-5 days  [] 6-10 days  [] ? 10 days

Is there a likelihood of experts other than treating physicians or experts on attorney's fees? [] Yes  [X] No

Is immediate ADR requested?  [] Yes  [X] No

Name of party filing this cover sheet: Stephanie W. Carney, Plaintiff

Signature of attorney or pro se filing cover sheet: _Russell Manning_

      Name printed:   Russell Manning
      State Bar No.:  12948720
      Phone No.:    361-888-8041  Fax: (361) 888-8222
      Firm Address:  711 N. Carancahua, Suite 1800
                  Corpus Christi, TX 78475

FOR COURT USE ONLY:
    Tract assigned:   [] Track 1    [] Track 2    [] Track 3

    Court Coordinator:_____   Date:_____

FILED-PATSY PEREZ  2008 FEB -6 PM 3:10  CLERK OF COUNTY & DISTRICT COURTS NUECES COUNTY, TEXAS  BY_____ DEPTY

# HORNBLOWER, MANNING, WARD, HARRISON, VENECIA & RODRIGUEZ

### PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

Jonathan M. Hornblower
Russell Manning*
Gene R. Ward
Tom M. Harrison
Roxana Venecia
Luis R. Rodriguez

711 N. Carancahua, Suite 1800 (78475)
P.O. Box 2728
Corpus Christi, Texas 78403-2728

Telephone (361) 888-8041
Telefax    (361) 888-8222

Melissa Franco de Gonzales
Lauri Luxton
Patrick Lewis

* Board Certified Civil Trial Law, Texas Board of Legal Specialization

February 6, 2008

Ms. Patsy Perez
Nueces County District Clerk
Nueces County Courthouse
P.O. Box 2987
Corpus Christi, TX 78403

Re:   Stephanie W. Carney vs. Pfizer, Inc. and G.D. Searle & Co., Cause No. _____;
in the ____ Judicial District Court of Nueces County, Texas

Dear Ms. Perez:

Please prepare citations for the following defendants in the above-referenced matter:

1.   Defendant, PFIZER, Inc. is an American pharmaceutical company incorporated under the laws of the State of Delaware and whose principal place of business is New York. Service of process upon Defendant PFIZER, Inc. may be accomplished by serving the agent for service of process at C.T. Corporation, System, 350 N. St. Paul Street, Dallas, TX 75201 by certified mail, return receipt requested.

2.   Defendant G.D. SEARLE & CO. is an American pharmaceutical company incorporated under the laws of the State of Delaware and whose principal place of business is Illinois. Service of process upon Defendant SEARLE & CO. may be accomplished by serving the agent for service of process at C.T. Corporation, System, 350 N. St. Paul Street, Dallas, TX 75201 by certified mail, return receipt requested.

My firm's check for $397 is enclosed to cover the filing fee, preparation, and service by certified mail of the citations for Defendants PFIZER, INC. and G.D. SEARLE & CO.

I have also enclosed two copies of the Plaintiff's Original Petition, the Civil Cover Sheet and the completed Nueces County District Clerk Information for Issuance of Service Form.

Ms. Patsy Perez
February 6, 2008
Page 2

_____

      If you have any questions, please do not hesitate to call me. Thank you for your courtesies.

                       Sincerely,

                       *Janet E. Rannefeld*

                       Janet E. Rannefeld
                       Legal Assistant for Russell Manning

:jer
Enclosures:     Plaintiff's Original Petition
               Information for Issuance of Service Form
               Civil Cover Sheet
               Firm Check

EXHIBIT 2(C)

ORIG

Citation for Personal Service - RESIDENT (CERTIFIED MAIL)

Lit. Seq. # 5.002.01

No. 08-00550-00-(

T H E   S T A T E   O F

NOTICE TO ___DEFENDANT___: You have
attorney. If you or your attorney do not file a
who issued this citation by 10:00 a.m. on the M
expiration of twenty days after you were served
default judgment may be taken against you.

TO:
PFIZER, INC.
REGISTERED AGENT; CT CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201
the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a wri

PLAINTIFF'S ORIGINAL PETITION
AND CIVIL CASE IFORMAITON SHEET

U.S. Postal Service ™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

Postage | $
Certified Fee |
Return Receipt Fee (Endorsement Required) |
Restricted Delivery Fee (Endorsement Required) |
Total Postage & Fees | $

Postmark Here

Sent To     PFIZER, INC.
Street, Apt. No.,   REGISTERED AGENT; CT CORPORAT
or PO Box No.   350 N. ST. PAUL STREET
City, State, ZIP+4   DALLAS, TEXAS 75201

PS Form 3800, August 2006          See Reverse for Instruction

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the
Honorable District Court, 117th Judicial District of Nueces County, Texas at
the Courthouse of said County in Corpus Christi, Texas. Said
_____PETITION_____ was filed on FEBRUARY 06, 2008 . A copy of same
accompanies this citation.

The file number of said suit being No. 08-00550-00-0-B.
The style of the case is:

CARNEY, STEPHANIE W.
VS.
PFIZER, INC., ET AL

Said petition was filed in said court by _____RUSSELL MANNING_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 2728, CORPUS CHRISTI, TX  78475

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Corpus Christi,
Texas, this the 14th day of FEBRUARY , A.D. 2008.

PATSY PEREZ _____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _____, Deputy
          ROSE GARZA

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 14th of FEBRUARY , 2008, I mailed to
PFIZER, INC.
REGISTERED AGENT; CT CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS  75201
by registered mail or certified mail, with delivery restricted to addressee
only, return receipt requested, a true copy of this citation with a copy of
the petition attached hereto.

                  CERTIFIED MAIL NO.    7007 2560 0001 6149 2068
                  RETURN RECEIPT REQUESTED
                  DELIVER TO ADDRESSEE ONLY

                     PATSY PEREZ        , District Clerk
                  Nueces County, Texas

                  By:_____ , Deputy

---

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation shall be served by mailing to the defendant by
Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practive and Remedies Code, if not prepared by
Clerk of Court.

NAME OF PREPARER              TITLE

ADDRESS

CITY               STATE        ZIP

Citation for Personal Service - RESIDENT (CERTIFIED MAIL)

Lit. Seq. # 5.003.01

No. 08-00550-00-0-B

T H E   S T A T E   O F

NOTICE TO _____DEFENDANT_____ : You hav
attorney. If you or your attorney do not file
who issued this citation by 10:00 a.m. on the M
expiration of twenty days after you were served
default judgment may be taken against you.

TO:
G.D. SEARLE & CO.
REGISTERED AGENT; CT CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201
the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a wr

PLANTIFF'S ORIGINAL PETITION
AND CIVIL CASE INFORMATION SHEET

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To
G.D. SEARLE & CO.
Street, Apt. No.;
or PO Box No. STERED AGENT; CT CORPORATION SYS
City, State, ZIP+4 N. ST. PAUL STREET
DALLAS, TEXAS 75201

PS Form 3800, August 2006         See Reverse for Instructions

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the
Honorable District Court, 117th Judicial District of Nueces County, Texas at
the Courthouse of said County in Corpus Christi, Texas. Said
_____PETITION_____ was filed on FEBRUARY 06, 2008 . A copy of same
accompanies this citation.

The file number of said suit being No. 08-00550-00-0-B.
The style of the case is:

CARNEY, STEPHANIE W.
VS.
PFIZER, INC., ET AL

Said petition was filed in said court by _____RUSSELL MANNING_____
(Attorney for _____PLAINTIFF_____ ), whose address is
P.O. BOX 2728, CORPUS CHRISTI, TX  78403-8222

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Corpus Christi,
Texas, this the 14th day of FEBRUARY , A.D. 2008.

PATSY PEREZ _____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987
By: _____, Deputy
ROSE GARZA

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the <u>14th</u> of <u>FEBRUARY</u> , <u>2008</u>, I mailed to
<u>G.D. SEARLE & CO.</u>
<u>REGISTERED AGENT, CT CORPORATION SYSTEM</u>
<u>350 N. ST. PAUL STREET</u>
<u>DALLAS, TEXAS 75201</u>
by registered mail or certified mail, with delivery restricted to addressee
only, return receipt requested, a true copy of this citation with a copy of
the petition attached hereto.

CERTIFIED MAIL NO.  <u>7007 2560 0001 6149 2075</u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>      PATSY PEREZ      </u>, District Clerk
Nueces County, Texas

By:<u>                                        </u>, Deputy

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation shall be served by mailing to the defendant by
Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practive and Remedies Code, if not prepared by
Clerk of Court.

<u>NAME OF PREPARER</u>                    <u>TITLE</u>

<u>ADDRESS</u>

<u>CITY</u>              <u>STATE</u>          <u>ZIP</u>

# PATSY PEREZ
## DISTRICT CLERK



<u>Certificate of Return</u>
<u>of Service Rule 107</u>

**DISTRICT COURTS / COUNTY COURTS AT LAW**
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
361 888-0450 Fax 888-0571

Cause Number    08-550-B

Style:    CARNEY, STEPHANIE W.

vs

Pursuant to the Texas Rules of Civil Procedure, the undersigned certifies this cause. Service was issued:

To:    PFIZER, INC.
       CT CORPORATION SYSTEM .
       350 N. ST. PAUL ST
       DALLAS, TEXAS 75201

On (Date Issued)    2/14/08

and served on:    2/19/08

or returned unserved

By Certified or Registered Mail. The returned receipt is attached to this form and was filed in this office on: <u>2/21/08</u>

---

CARNEY, Stephanie W.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PFIZER, INC.
REGISTERED AGENT; CT CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201

2-14

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    FEB 19   ☐ Agent
    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number    7007 2560 0001 6149 2068    08-550-B

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

P.O. BOX 2987 • CORPUS CHRISTI, TEXAS 78403

EXHIBIT 2(D)

Filed
08 March 7 P1:41
Patsy Perez
District Clerk
Nueces District

CAUSE NO. 08-550-B

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| PFIZER, INC. AND G.D. SEARLE & CO., | § | |
| | § | |
| Defendants. | § | 117th JUDICIAL DISTRICT |

**DEFENDANTS PFIZER INC. AND G.D. SEARLE LLC'S**
**MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Pfizer Inc. (incorrectly identified as "Pfizer, Inc." and hereinafter referred to as "Pfizer") and G.D. Searle LLC[1] (collectively referred to as "Defendants") and file this Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiff's Original Petition. Defendants would respectfully show the Court as follows:

**I.**

**MOTION TO TRANSFER VENUE**

This is a pharmaceutical product liability case in which Plaintiff Stephanie W. Carney ("Plaintiff") alleges claims against Pfizer relating to Decedent William Carney's purported use of Celebrex®, an FDA-approved prescription medication marketed at times by Defendants. She asserts Defendants are liable for the injuries alleged in the Petition under theories of negligence, strict liability (design and marketing defect), breach of express and implied warranties, misrepresentation, and fraud. *See* PLAINTIFF'S ORIGINAL PETITION ("PETITION") at ¶¶ 29-53.

---

[1] Plaintiff's petition names "G.D. Searle & Co." as a defendant. In January 2001, G.D. Searle & Co. was converted from a corporation to a limited liability company (G.D. Searle LLC) for tax and reporting reasons. This conversion constitutes a continuation of G.D. Searle & Co. in the form of a Delaware limited liability company, and G.D. Searle LLC is deemed to be the same entity as G.D. Searle & Co. for all purposes.

Plaintiff's Petition is sufficiently imprecise to raise concerns that venue may not be proper in Nueces County. Her petition includes only a vague and conclusory assertion that she currently is a resident of Nueces County and "all or substantial parts of the events giving rise to Plaintiff's claims occurred in Nueces County, Texas," *see id.* at ¶ 4, without any specific factual allegations supporting her contention that venue in Nueces County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendants file this Motion to preserve their right to challenge venue if the facts establish that venue in Nueces County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendants:

(1)    specifically deny that the county of suit is, or was at the time that Plaintiff's purported causes of action accrued, the county of their principal office in Texas;

(2)    specifically deny that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims occurred in the county of suit;

(3)    specifically deny that any individual defendant resided in the county of suit at the time Plaintiff's purported causes of action accrued; and

(4)    specifically deny that Plaintiff resided in the county of suit at the time Plaintiff's purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiff's pleadings, Defendants cannot identify for the Court the county of proper venue for

Plaintiff's claims. Defendants, therefore, request that they be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendants reserve the right to amend this motion to assert the proper county to which this case should be transferred after they have had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to their Motion to Transfer Venue, Defendants deny each and every allegation made against them and demand strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Petition fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff and/or Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants. Rather, said loss is due to the acts or omissions on the part of non-parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.      The acts and/or omissions of unrelated non-parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny they violated any duty owed to the Plaintiff or Decedent.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Decedent's treating and prescribing physician(s).

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Celebrex® was at all times material to the Petition reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Decedent was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.    Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Petition were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.     Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.     Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

7

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Texas, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Texas law.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable

provisions of the Constitution of the State of Texas.   Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

10

**Fortieth Defense**

40.    The claims asserted in the Petition are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

**Forty-first Defense**

41.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-second Defense**

42.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-third Defense**

43.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Decedent, and were independent of or far removed from Defendants' conduct.

**Forty-fourth Defense**

44.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

**Forty-fifth Defense**

45.    The claims asserted in the Petition are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-sixth Defense

46.    The claims asserted in the Petition are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-seventh Defense

47.    The claims must be dismissed because Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-eighth Defense

48.    The claims asserted in the Petition are barred because the utility of Celebrex® outweighed its risks.

### Forty-ninth Defense

49.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fiftieth Defense

50.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

12

### Fifty-first Defense

51.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-second Defense

52.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-third Defense

53.    Plaintiff's fraud and misrepresentation allegations are not stated with the degree of particularity, as required by both the state and federal rules.

### Fifty-fourth Defense

54.    Plaintiff's causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

### Fifty-fifth Defense

55.    Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

13

**Fifty-sixth Defense**

56.     This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

**Fifty-seventh Defense**

57.     If Plaintiff settles with any other person or entity, then Defendants reserve the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

**Fifty-eighth Defense**

58.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**Fifty-ninth Defense**

59.     Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

**Sixtieth Defense**

60.     Plaintiff's claims are barred by their failure to comply with conditions precedent to the right to recover.

**Sixty-first Defense**

61.     Plaintiff's claims are barred in whole or in part by the doctrine of informed consent. Decedent was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Decedent gave informed consent to the prescribing physician(s) before taking Celebrex®, alone or in combination with any other drug(s).

14

### Sixty-second Defense

62.     The duty to obtain Decedent's informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physician(s).

### Sixty-third Defense

63.     Plaintiff may not assert a claim against Defendants for negligent misrepresentation as Plaintiff did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendants.

### Sixty-forth Defense

64.     Plaintiff's claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendants.

### Sixty-fifth Defense

65.     Plaintiff's claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiff and/or Decedent relied did not constitute a misrepresentation of material facts.

### Sixty-sixth Defense

66.     Plaintiff and/or Decedent did not rely on any alleged express or implied warranty.

### Sixty-seventh Defense

67.     Plaintiff failed to notify Defendants of any alleged breach of warranty within a reasonable time after she discovered or should have discovered any such alleged breach and is, therefore, barred from any recovery for such claims.

### Sixty-eighth Defense

68.     Defendants specifically deny that they received any notice of any alleged breach of warranty from Plaintiff within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and Plaintiff is, therefore, barred from any recovery for such claims.

**Sixty-ninth Defense**

69.     Plaintiff's claims for breach of warranty are barred in whole or in part by the Defendants' disclaimers.

**Seventieth Defense**

70.     Plaintiff's claims for breach of warranty are barred in whole or in part because she is not in privity with Defendants.

**Seventy-first Defense**

71.     Defendants assert the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

**Seventy-second Defense**

72.     Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

**Seventy-third Defense**

73.     Plaintiff's claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Celebrex® was and is controlled by federal law, and Defendants were at all times in compliance and obedience with applicable federal law.  If Plaintiff's causes of action against Defendants are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).  Plaintiff's claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

(a)    any allegation of negligence *per se* or that Defendants violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

(b)    any allegation that Defendants committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)    any allegation that Celebrex® was not "safe and effective" or that the risks of the drug outweighed its benefits;

(d)    any allegation that Defendants failed to give Decedent's healthcare providers adequate warnings concerning the risks associated with Celebrex®; and/or

(e)    any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

### Seventy-fourth Defense

74.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Seventy-fifth Defense

75.    Plaintiff's claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

### Seventy-sixth Defense

76.    Plaintiff has failed to allege conduct warranting imposition of punitive damages under Texas law.

17

### Seventy-seventh Defense

77.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

### Seventy-eighth Defense

78.    Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendants' rights under each of the following constitutional provisions:

    (a)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (b)    the Takings Clause of the Fifth Amendment of the United States Constitution;

    (c)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    (d)    the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

### Seventy-ninth Defense

79.    As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendants from any award of damages that:

    (a)    is based, in whole or in part, on conduct which did not harm Plaintiff;

    (b)    is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

    (c)    is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)      is based, in whole or in part, on comparisons of the relative wealth of Defendants and Plaintiff and/or Decedent; or

(e)      is grossly disproportionate to the harm suffered by Plaintiff.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## Eightieth Defense

80.    Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

## Eighty-first Defense

81.    Plaintiff's claims for punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

(a)      the Commerce Clause of Article I, Section 8 of the United States Constitution;

(b)      the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c)      the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

(d)      the Supremacy Clause of Article VI of the United States Constitution;

(e)      the Free Speech Clause of the First Amendment of the United States Constitution;

(f)      the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(g)      the Takings Clause of the Fifth Amendment of the United States Constitution;

19

(h)     the Right to Counsel of the Sixth Amendment of the United States Constitution;

(i)     the Excessive Fines Clause of Eighth Amendment of the United States Constitution;

(j)     the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

(k)     the Equal Protection Clause of the Fourteenth Amendment;

(l)     as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

### Eighty-second Defense

82.     Because of the lack of clear standards, the imposition of punitive damages against Defendants is unconstitutionally vague and/or overbroad.

### Eighty-third Defense

83.     No act or omission of Defendants was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### Eighty-fourth Defense

84.     To the extent Plaintiff's claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### Eighty-fifth Defense

85.     With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

20

**Eighty-sixth Defense**

86.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### III.

### JURY DEMAND

Subject to their Motion to Transfer Venue, Defendants hereby demand a trial by jury.

### IV.

### PRAYER

WHEREFORE, Defendants pray that this cause shall be transferred to a county of proper venue, that Plaintiff take nothing by her suit, that Defendants be discharged with their costs expended in this matter, and for such other and further relief to which Defendants may be justly entitled.

21

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By:    */s/ J. Andrew Hutton*
        Kenneth J. Ferguson
        Attorney-in-Charge
        State Bar No. 06918100
        E-mail: kjf@ctw.com
        Leslie A. Benitez
        State Bar No. 02134300
        E-mail: lab@ctw.com
        Kelly R. Kimbrough
        State Bar No. 00794984
        E-mail: krk@ctw.com
        J. Andrew Hutton
        State Bar No. 24012878
        E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANTS PFIZER INC.
AND G.D. SEARLE LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 7th day of March, 2008:

***Via Certified Mail, Return Receipt Requested***

Russell Manning
HORNBLOWER, MANNING, WARD,
HARRISON, VENECIA & RODRIGUEZ
711 N. Carancahua, Suite 1800
Corpus Christi, Texas 78475
***Attorney for Plaintiff***

                                     */s/ J. Andrew Hutton*

22

**EXHIBIT 2(E)**

CAUSE NO. 08-550-B

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| PFIZER, INC. AND G.D. SEARLE & CO., | § | |
| | § | |
| Defendants. | § | 117th JUDICIAL DISTRICT |

## NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL

TO:    Stephanie W. Carney, by and through her attorney of record, Russell Manning, HORNBLOWER, MANNING, WARD, HARRISON, VENECIA & RODRIGUEZ, 711 N. Carancahua, Suite 1800, Corpus Christi, Texas 78475.

You will please take notice that Pfizer Inc. and G.D. Searle LLC, Defendants in the above-styled and numbered cause originally filed in the 117th District Court of Nueces County, Texas, namely, *Stephanie W. Carney v. Pfizer, Inc. and G.D. Searle & Co.*, Cause No. 08-550-B, have filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, their Notice of Removal in the above-captioned cause from the said District Court of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Attached hereto you will find a copy of said Notice of Removal.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By:     */s/ J. Andrew Hutton*
        Kenneth J. Ferguson
        Attorney-in-Charge
        State Bar No. 06918100
        E-mail: kjf@ctw.com
        Leslie A. Benitez
        State Bar No. 02134300
        E-mail: lab@ctw.com
        Kelly R. Kimbrough
        State Bar No. 00794984
        E-mail: krk@ctw.com
        J. Andrew Hutton
        State Bar No. 24012878
        E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 11th day of March, 2008.

***Via Certified Mail/Return Receipt Requested***

Russell Manning
HORNBLOWER, MANNING, WARD,
HARRISON, VENECIA & RODRIGUEZ
711 N. Carancahua, Suite 1800
Corpus Christi, Texas 78475
***Attorney for Plaintiff***

            */s/ J. Andrew Hutton*

# EXHIBIT 2(F)

CAUSE NO. 08-550-B

| STEPHANIE W. CARNEY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| PFIZER, INC. AND G.D. SEARLE & CO., | § | |
| | § | |
| Defendants. | § | 117th JUDICIAL DISTRICT |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:     Patsy Perez, District Clerk, Nueces County, Texas.

PLEASE TAKE NOTICE that Defendants Pfizer Inc. and G.D. Searle LLC have filed their Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, a copy of which is attached hereto.  Defendants hereby file a copy of the Notice with the Clerk of the District Court of Nueces County, Texas, all in accordance with 28 U.S.C. § 1446(d).

Dated: March 10, 2008.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By:     */s/ J. Andrew Hutton*
        Kenneth J. Ferguson
        Attorney-in-Charge
        State Bar No. 06918100
        E-mail: kjf@ctw.com
        Leslie A. Benitez
        State Bar No. 02134300
        E-mail: lab@ctw.com
        Kelly R. Kimbrough
        State Bar No. 00794984
        E-mail: krk@ctw.com
        J. Andrew Hutton
        State Bar No. 24012878
        E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANTS PFIZER INC.
AND G.D. SEARLE LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 11th day of March, 2008.

***Via Certified Mail/Return Receipt Requested***

Russell Manning
HORNBLOWER, MANNING, WARD,
HARRISON, VENECIA & RODRIGUEZ
711 N. Carancahua, Suite 1800
Corpus Christi, Texas 78475
***Attorney for Plaintiff***

        */s/ J. Andrew Hutton*

2

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | |
| | § | CIVIL ACTION NO. C-08-_____ |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER INC. AND G.D. SEARLE & CO., | § | *(In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | § | |

## LIST OF ATTORNEYS

**Attorney for Plaintiff**
Russell Manning
State Bar No. 12948720
HORNBLOWER, MANNING, WARD, HARRISON, VENECIA & RODRIGUEZ
711 N. Carancahua, Suite 1800
Corpus Christi, Texas 78475
(361) 888-8041
(361) 888-8222 (Fax)

**Attorneys for Defendant Pfizer Inc.**
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Southern District I.D. No. 12703
Leslie A. Benitez
State Bar No. 02134300
Southern District I.D. No. 10017
Kelly R. Kimbrough
State Bar No. 00794984
Southern District I.D. No. 25675
J. Andrew Hutton
State Bar No. 24012878
Southern District I.D. No. 26762
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (Fax)

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | |
| | § | CIVIL ACTION NO. C-08-_____ |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER INC. AND G.D. SEARLE & CO., | § | *(In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | § | |

## PARTIES REQUESTING TRIAL BY JURY

Defendants Pfizer Inc. and G.D. Searle LLC requested trial by jury in their Motion to Transfer Venue and, Subject Thereto, Original Answer

**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

STEPHANIE W. CARNEY,                        §
                                            §       CIVIL ACTION NO. C-08-_____
              Plaintiff,                    §
                                            §       JURY REQUESTED
v.                                          §
                                            §       *Pending Transfer to MDL-1699*
PFIZER INC. AND G.D. SEARLE & CO.,          §       *(In re Bextra and Celebrex Marketing,*
                                            §       *Sales Practices and Prods. Liab. Litig.)*
              Defendants.                   §

## STATE COURT INFORMATION

This case is being removed from the 117th Judicial District Court of Nueces County, Texas, whose address is as follows:

Patsy Perez
Nueces County District Clerk
901 Leopard Street, Room 313
Corpus Christi, Texas 78401

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEPHANIE W. CARNEY, | § | |
| | § | CIVIL ACTION NO. C-08-72 |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER INC. AND G.D. SEARLE & CO., | § | (*In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.*) |
| Defendants. | § | |

**DEFENDANTS PFIZER INC. AND G.D. SEARLE LLC'S
<u>CORPORATE DISCLOSURE STATEMENT</u>**

Pursuant to Federal Rule of Civil Procedure 7.1, Defendants Pfizer Inc. and G.D. Searle

LLC submit this Corporate Disclosure Statement and state:

1.  Defendant Pfizer Inc. does not have any parent corporations, and no
    publicly-traded company owns 10% or more of Pfizer Inc.'s stock.

2.  Defendant G.D. Searle LLC is a limited liability company whose sole
    member is Pharmacia & Upjohn Company LLC, which is a limited
    liability company whose sole member is Pharmacia & Upjohn LLC, which
    is a limited liability company whose sole member is Pharmacia
    Corporation.  Pharmacia Corporation is a wholly-owned subsidiary of
    Pfizer Inc.

Respectfully submitted,


/s/ Kenneth J. Ferguson*_____
Kenneth J. Ferguson
Attorney-in-charge
State Bar No. 06918100
Southern District I.D. No. 12703
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]
E-mail: kjf@ctw.com

* signed with permission by J. Andrew Hutton

**OF COUNSEL:**
Leslie A. Benitez
State Bar No. 02134300
Southern District I.D. No. 10017
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
Southern District I.D. No. 25675
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
Southern District I.D. No. 26762
E-mail: ah1@ctw.com
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**ATTORNEYS FOR DEFENDANTS
PFIZER INC. AND G.D. SEARLE LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 11th day of March, 2008.

### <u>*Via Certified Mail, Return Receipt Requested*</u>

Russell Manning
HORNBLOWER, MANNING, WARD,
HARRISON, VENECIA & RODRIGUEZ
711 N. Carancahua, Suite 1800
Corpus Christi, Texas 78475
***Attorney for Plaintiff***

_____*/s/ J. Andrew Hutton*_____

**U.S. District Court**
**SOUTHERN DISTRICT OF TEXAS (Corpus Christi)**
**CIVIL DOCKET FOR CASE #: 2:08-cv-00072**
**Internal Use Only**

Carney v. Pfizer Inc. et al
Assigned to: Chief Judge Hayden Head
Case in other court:  117th Judicial District Court of
                      Nueces County, 08-00550-B
Cause: 28:1441 Petition for Removal- Product Liability

Date Filed: 03/11/2008
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Stephanie W Carney**                      represented by  **Russell J Manning**
                                                            Hornblower Manning et al
                                                            711 N Carancahua
                                                            Ste 1800
                                                            Corpus Christi, TX 78475
                                                            361-888-8041
                                                            Fax: 361-888-8222
                                                            Email: rm@hmwpc.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer Inc.**                             represented by  **Kenneth J Ferguson**
                                                            Clark Thomas et al
                                                            PO Box 1148
                                                            Austin, TX 78767
                                                            512-472-8800
                                                            Fax: 512-474-1129
                                                            Email: kjf@ctw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John Andrew Hutton**
                                                            Clark Thomas & Winters, P.C.
                                                            PO Box 1148
                                                            Austin, TX 78767
                                                            512-472-8800
                                                            Fax: 512-474-1129
                                                            Email: ah1@ctw.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Leslie A Benitez**
                                                            Clark Thomas et al
                                                            P O Box 1148
                                                            Austin, TX 78767
                                                            512-472-8800
                                                            Fax: 512-474-1129 fax
                                                            Email: jmh@ctw.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**G.D. Searle & Co.**                    represented by **Kenneth J Ferguson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Andrew Hutton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leslie A Benitez**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2008 | 1 | NOTICE OF REMOVAL from 117th Judicial District Court of Nueces County, Texas, case number 08-550-B (Filing fee $ 350 receipt number 3559373) filed by Pfizer Inc., G.D. Searle & Co.. (Attachments: # 1 Civil Cover Sheet # 2 Exhibit 1 through 5 to Notice of Removal)(Benitez, Leslie) (Entered: 03/11/2008) |
| 03/11/2008 | 2 | DEMAND for Trial by Jury by Pfizer Inc., G.D. Searle & Co., filed. (Hutton, John) (Entered: 03/11/2008) |
| 03/11/2008 | 3 | CORPORATE DISCLOSURE STATEMENT by Pfizer Inc. and G.D. Searle & Co., filed.(Hutton, John) (Entered: 03/11/2008) |
| 04/14/2008 | 4 | Letter from Northern District of California - San Francisco Division re: transfer of this case per CTO-98, MDL 05-1699, filed. (Attachments: # 1 Certified copy of CTO-98) (lcayce, ) (Entered: 04/16/2008) |